UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN T. FLOWERS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:09CV00777 ERW (LMB) |
| TROY STEELE,[1] | ) ) ) |
| Respondent. | ) ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Steven Flowers for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is presently incarcerated at Potosi Correctional Center in Mineral Point, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Louis County. Resp't Ex. C at 58. Petitioner pled guilty on January 2, 2007, to the following three charges: (1) class A felony of felony murder in the second degree, (2) unclassified felony of armed criminal action, and (3) class A felony of arson in the first degree. Id. at 23. On February 23, 2007, petitioner was sentenced to a total of twenty-five years imprisonment. Id. at 53-54.

---

[1] Petitioner, who is incarcerated at Potosi Correctional Center, named Don Roper as the respondent. Troy Steele, Warden of Potosi Correctional Center, is the proper respondent. As such, the court will substitute Troy Steele as the respondent in this matter. See Rule 2(a), Rules Governing Section 2254 in the United States District Courts.

On May 7, 2007, petitioner filed a pro se motion to vacate, set aside or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. Id. at 64-69. On November 29, 2007, after appointment of counsel, petitioner filed an amended motion. Id. at 85-110. Petitioner raised three claims in his amended post-conviction relief motion. See id. Petitioner first argued that he received ineffective assistance of counsel in that plea counsel advised petitioner to enter a "blind" plea of guilt with the promise that if he pleaded guilty, the judge would sentence him to no more than fifteen years, and by threatening certain conviction and consecutive life sentences if he went to trial. Id. at 86. Petitioner also argued that he received ineffective assistance of counsel in that plea counsel failed to apprise petitioner of the nature of the charges. Id. at 95 Finally, petitioner argued that the court did not assure there was a factual basis to accept petitioner's pleas and thus lacked jurisdiction to sentence petitioner. Id. at 102. On January 31, 2008, the motion court denied petitioner's motion. Id. at 112-117.

On March 11, 2008, petitioner timely filed a notice of appeal from the denial of post-conviction relief. Id. at 120. Petitioner raised three points on appeal of the denial of post-conviction relief. See Resp't Ex. A. Petitioner first argued that he received ineffective assistance of counsel in that plea counsel induced him to enter a "blind" plea of guilty with the promise that the judge would sentence him to no more than fifteen years, and if he took his case to trial, he would certainly be convicted and receive life sentences. Id. at 17. Petitioner next argued that he received ineffective assistance of counsel in that plea counsel failed to advise petitioner of evidentiary issues with the State's case, specifically the State's proof of the arson count, proof of accomplice liability, and proof of armed criminal action. Id. at 22. Finally, petitioner argued that the motion court did not assure that there was a factual basis on which to accept petitioner's

guilty plea and that the court, therefore, lacked jurisdiction to sentence petitioner. Id. at 29. On November 26, 2008, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Resp't Ex. D.

On May 20, 2009, petitioner filed a petition for writ of habeas corpus, raising three grounds for relief. (Doc. No. 1). In his first ground for relief, petitioner argues that he received ineffective assistance of counsel in that plea counsel induced him to plead guilty by promising that the judge would sentence him to no more than fifteen years and by threatening certain conviction and life imprisonment if he went to trial. In his second ground for relief, petitioner contends that he received ineffective assistance of counsel in that plea counsel failed to advise him of evidentiary issues with the State's case. In his third ground for relief, petitioner argues that the factual basis for his plea was insufficient. On August 13, 2009, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's grounds for relief fail on their merits. (Doc. No. 8). Petitioner filed a Traverse on October 15, 2009, in which he provides further argument in support of his petition. (Doc. No. 10).

## **Facts[2]**

Petitioner drove himself and three other men to a gas station to fill juice bottles with gasoline. Petitioner then drove the men to an apartment complex at 8990 Torchlamp in St. Louis County. The men approached Apartment C with gasoline filled bottles. Petitioner threw an unlit bottle at the apartment building, which caused gas to spread across the front of the building. Anthony Smith then threw a lit bottle of gasoline at the building, which caused both any unignited

---

[2]The court's summary of the facts is taken from the transcript of the guilty plea hearing. Resp't Ex. C at 25-30

-3-

gasoline and the gasoline in Mr. Smith's bomb to ignite, causing the apartment building to erupt in flames. At the time of petitioner's acts and during the apartment fire, Julliet Maina was in Apartment C baby-sitting not only her own child, but also another child, Ronald Payne III. Julliet Maina was able to get her own child to safety, but was unable to reach Ronald. The police and fire departments were called. Ronald, a fourteen-month-old child, died in the fire.

Petitioner was charged with felony murder in the second degree, armed criminal action, and arson in the first degree. Petitioner entered a "blind" plea of guilty to all charges.

## **Discussion**

### **I. Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to

that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 120 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. at 408. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

## II. Petitioner's Claims

As previously stated, petitioner raises three grounds for relief. The undersigned will discuss petitioner's grounds for relief in turn.

**1. Ground One**

In his first ground for relief, petitioner argues that he received ineffective assistance of counsel in that plea counsel induced him to plead guilty with the promise that the judge would sentence him to no more than fifteen years, and by threatening certain conviction and life imprisonment if he went to trial.

"A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "When a defendant is represented by counsel during the plea process and

enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Blalock v. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). "[A]n expectation that movant would receive a lighter sentence does not make a plea involuntary." Gillespie v. State, 785 S.W.2d 725, 727 (Mo. Ct. App. 1990). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)). A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record. Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

Ineffective assistance of counsel claims are evaluated under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must show that (1) his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and (2), the petitioner must show that the deficient performance prejudiced the defense. Id. "Deficiency means that counsel's performance fell below an objective standard of reasonableness, and prejudice means that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different." Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010) (citing Strickland, 466 U.S. at 694). The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. Strickland, 466 U.S. at 693. "[T]he proper standard for attorney performance is that of reasonably effective assistance." Id. at 687. A

petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." Id. at 689. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

The Missouri Court of Appeals rejected petitioner's claim, finding that the record conclusively refuted petitioner's claims about promises and threats. Resp't Ex. D at 3.

At the guilty plea hearing, the court carefully and thoroughly questioned petitioner. The court questioned petitioner regarding his understanding of his rights to a jury trial. Resp't Ex. C at 20-22. Petitioner was asked about the effectiveness of his counsel, and was asked whether any promises had been made to him to induce his guilty plea. Resp't Ex. C at 19-20. The following exchanges occurred:

> THE COURT: Are you satisfied with [defense counsel's] services?
>
> [PETITIONER]: Yes, sir.

Resp't Ex. C at 19.

> [COURT]: Sir, are you pleading guilty to these charges because you are guilty of them?
>
> [PETITIONER]: Yes, sir.

Resp't Ex. C. at 23.

> THE COURT: Have any threats or promises been made to force you to enter this plea of guilty?
>
> [PETITIONER]: No, sir.

The court also discussed the absence of a plea agreement:

> THE COURT: [Prosecutor], it's my understanding the state is not making a recommendation?
>
> [PROSECUTOR]: That is correct.
>
> THE COURT: All right. I am going to note on here that this is a blind plea of guilty then.

Id. at 32-33.

Further, the prosecution clearly stated the ranges of punishment for petitioner's charges:

> THE COURT: [Prosecutor], what is the range of punishment for a Class A felony and an unclassified felony?
>
> [PROSECUTOR]: The range of punishment of this offense is a minimum of ten years in the Missouri Department of Corrections up to a maximum of 30 years or life imprisonment.
> The range of punishment for the charge of armed criminal action is a minimum of three years in the Missouri Department of Corrections up to an unlimited term of years or life imprisonment.
> And for the charge of arson, first degree, the range of punishment is, again, a minimum of ten years in the Missouri Department of Corrections up to a maximum of 30 years or life imprisonment.
>
> THE COURT: Okay. And these could be run concurrently or consecutively?
>
> [PROSECUTOR]: That is correct.
>
> THE COURT: Mr. Flowers, do you understand the ranges of punishment?
>
> [PETITIONER]: Yes, sir.

Id. at 32-33.

Petitioner's claim that counsel induced him to plead guilty by promising a sentence of no more than fifteen years is refuted by the record. Even if petitioner's counsel had misinformed petitioner about the sentence he might receive, the court clarified the mistake at the plea hearing. The prosecutor clearly and unequivocally informed the court and petitioner of the ranges of

-8-

punishments for all three charges. Petitioner indicated that he understood the range of punishment. Petitioner stated that he had not been threatened or promised anything in exchange for pleading guilty, and that he was satisfied with the assistance he received from his counsel. The court then confirmed with the prosecution, in the presence of petitioner, that the State was not making a recommendation as to the length of sentencing that petitioner should receive.

Petitioner has not shown that counsel failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. Even if petitioner were able to show that his counsel's performance had been deficient, petitioner fails to demonstrate that he was prejudiced by his counsel's performance. As such, petitioner is unable to satisfy either prong of <u>Strickland</u>. Thus, the decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2. Ground Two**

In his second ground for relief, petitioner alleges that plea counsel was ineffective for failing to advise him of evidentiary issues with the State's case. Specifically, petitioner contends that the State would not have been able to prove the requisite mental state for arson, nor would the State be able to prove accomplice liability or armed criminal action. Petitioner also argues that counsel failed to advise him that a jury could consider lesser-included offenses.

The Missouri Court of Appeals held as follows with regard to petitioner's claim:

> [Petitioner]'s claims that he lacked the requisite mental state for arson lack merit. To prove first-degree arson in this case, the State would have to prove that [petitioner] knowingly damaged a building, when any person was then present, by starting a fire and

thereby recklessly placing such person in danger of death or serious physical injury. Section 569.040.1. To prove accomplice liability, the State would have to prove that [petitioner]:

> Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aid[ed] or agree[d] to aid or attempt[ed] to aid such other person in planning, committing or attempting to commit the offense.

Section 562.041.1(2).

Based on [petitioner]'s statements to police as outlined by the prosecutor, the record reveals that [petitioner] drove three men to a gas station where they filled juice bottles with gasoline, allegedly for the purpose of firebombing a car belonging to one of the apartment's occupants. [Petitioner] then drove the men to the apartment complex where the group approached the apartment with their gasoline-filled bottles. [Petitioner] threw the first, albeit unlit, bottle at the apartment building, and one of his companions threw the second, lighted bottle, which ignited the gasoline [petitioner] had thrown. The ensuing fire killed a child inside the apartment. [Petitioner] acknowledged that these facts were substantially correct. [Petitioner] then contradicted his earlier statement to police and claimed that he threw his bottle of gasoline at the ground. Plea counsel clarified that the bottle struck the base of the building as well as the ground, and [petitioner] acknowledged that this was correct.

The above facts demonstrate that [petitioner] knowingly participated in planning and starting the fire, which killed a child in an apartment building. He admitted to committing all elements of arson by aiding in the planning and commission of the arson. [Petitioner]'s argument-that he merely threw the gasoline but was not the one to ignite it and so did not intend to participate in or commit the arson-entirely lacks merit. Because his claims are refuted by the record, no evidentiary hearing was required.

[Petitioner]'s contention that plea counsel failed to advise him that the court could instruct the jury on lesser-included offenses likewise lacks merit. When a movant understands that a guilty plea waives the right to a jury trial, the movant has no right to be specifically informed of every detail of the jury trial waived. [citation omitted]. No evidentiary hearing is required in such a case. [citation omitted]. [Petitioner] again fails to allege facts warranting relief. Point denied.

Resp't Ex. D at 5-7.

Petitioner contends that the State would not have been able to prove the requisite mental state for arson. The record from the plea hearing transcript, however, refutes petitioner's claim. The prosecutor stated that, if petitioner's case proceeded to trial, he would prove that on February 9, 2005, petitioner, acting together with Anthony Leroy Smith, knowingly damaged an

apartment located at 8990 Torchlamp, Apartment C, by starting a fire at a time when persons were then present and thereby recklessly placed such persons in danger of death or serious physical injury. Resp't Ex. C at 24-25. As a result of this fire, a fourteen-month-old child, Ronald Payne III, died. Id. at 25.

The prosecutor indicated that he would prove the following specific facts: Petitioner was interviewed on multiple occasions by police following the fire, and made inconsistent statements. Id. at 28-30. Petitioner first told police that his cousin had admitted to starting the fire. Id. at 28. Police subsequently found petitioner's car, which matched the description given by witnesses at the apartment building. Id. Petitioner's car contained gasoline inside the passenger compartment. Id. During a second interview with police, petitioner admitted that he had lied during his previous interview, and stated that he had in fact driven Mr. Smith and two other men to the apartment building with the intention of "fire bombing" the car of the woman at the apartment. Id. at 29. Petitioner indicated that he had no knowledge of the apartment building fire. Id. During a third interview with police, petitioner stated that he witnessed Mr. Smith throw a fire bomb against the window of the apartment building. Id. Petitioner failed a polygraph examination. Id. at 30. Petitioner then made a fourth statement, in which he admitted driving the men to the gas station to fill juice bottles with gasoline, driving to the apartment building, and approaching the building with gasoline-filled bottles. Id. Petitioner stated that he threw his bottle first, which he believed struck the side of the building, causing gas to spread across the front. Id. Petitioner indicated that Mr. Smith threw a second ignited bomb, which caused both any unignited gasoline and the gasoline in Mr. Smith's bomb to ignite, causing the fire that resulted in the death of Ronald Payne III. Id.

At the plea hearing, petitioner agreed with the factual basis as stated by the prosecutor, but noted that petitioner's bottle of gasoline was unlit and that he threw his bottle at the ground in front of the building. Id. at 31-32. The following exchanges occurred:

> [COURT]: Mr. Flowers, are the statements of the prosecutor substantially true and correct?
>
> [DEFENSE COUNSEL]: I don't know – As a point of clarity, Your Honor, Mr. Flowers maintains that the cocktail he threw was not, in fact, lit, and I don't know, in Mr. Sidel's statement of the facts, whether or not that was an assertion that he made. But for that, that his was not lit, is everything else accurate substantially?
>
> [PETITIONER]: Yes, sir.

Id. at 30-31.

> [COURT]: Mr. Flowers, it remains that you admit you threw this bottle of gasoline at this building?
>
> [PETITIONER]: At the ground, yes, sir.
>
> [COURT]: At the ground? At the ground in front of the building? Okay. Is there anything – Have any threats or promises been made to force you to enter this plea of guilty?
>
> [PETITIONER]: No, sir.

Id. at 31-32.

\*\*\*

> [PROSECUTOR]: No. I'm sorry. I misspoke. Judge, as far as the issue of the glass bottle Mr. Flowers threw, striking the building, I was taking that from the statement he made to Detective Neske wherein he indicates his bottle struck the brick of the building. Hearing it struck the ground was the first time I heard that.
>
> [DEFENSE COUNSEL]: From a point of clarity I think you're correct that it struck the building but it also hit the ground, the base of the building. So I think we're saying pretty much the same thing.
>
> [PROSECUTOR]: Okay.

-12-

> [COURT]: Is that right, Mr. Flowers?
>
> [PETITIONER]: Yes.
>
> [COURT]: Have you understood all the questions I've asked of you?
>
> [PETITIONER]: Yes, sir.

Id. at 33-34.

Petitioner's claim that the State would not have been able to prove the requisite mental state for arson lacks merit. At the plea hearing, petitioner admitted to throwing the gasoline filled bottle and confirmed that the bottle hit both the building as well as the ground. Even if petitioner had thrown the bottle of gasoline only at the ground, as he now claims, petitioner not only facilitated the commission of the offense by transporting himself and others to obtain gasoline filled bottles and then transported himself and others to the place at which they committed the offense, but petitioner also failed to take any further steps to prevent the offense. As such, petitioner would be liable as an accomplice. See Mo. Rev. Stat. § 562.041.1(2).

Furthermore, with regard to petitioner's argument that he abandoned the commission of the offense, Missouri law requires that one must both abandon his purpose before the commission of the offense and give timely warning to law enforcement or otherwise make a proper effort to prevent the commission of the offense. Mo. Rev. Stat. § 562.041.2(3). The evidence reveals petitioner both participated in the arson and attempted to conceal his involvement by giving the police multiple false statements. As such, a competent attorney could reasonably believe and advise petitioner that the State could prove the arson count if petitioner were to proceed to trial.

With regard to the armed criminal action count, to prove armed criminal action, the State was required to show that (1) there was a commission of a felony, and (2) a deadly weapon was

used. State v. Hill, 970 S.W.2d 868, 871 (Mo. Ct. App. 1998). See Mo. Rev. Stat. § 571.015.1. Petitioner admitted that he, along with Mr. Smith, knowingly committed the felony of second degree murder through the use of gasoline in a bottle with a source of ignition. Resp't Ex. C at 24, 31. As such, petitioner has failed to demonstrate the presence of any evidentiary issues with respect to this count.

Further, petitioner's claim that plea counsel was ineffective in failing to advise him that a jury could have considered lesser-included offenses lacks merit. The Missouri Court of Appeals noted that, when a movant understands that a guilty plea waives the right to a jury trial, the movant has no right to be specifically informed of every detail of the jury trial waived. See Wedlow v. State, 841 S.W.2d 214, 217 (Mo. Ct. App. 1992).

The plea court also confirmed that petitioner had an opportunity to discuss this case fully with his counsel:

> [COURT]: Have you had a sufficient opportunity to discuss the case with your attorney before deciding to enter a plea of guilty?
>
> [PETITIONER]: Yes, sir.
>
> [COURT]: Are you satisfied your attorney is informed of all the facts he needs to know to adequately advise you in this case?
>
> [PETITIONER]: Yes, sir.
>
> [COURT]: Have you been advised by your attorney as to all aspects of the case, including all of your legal rights?
>
> [PETITIONER]: Yes, sir.

Id. at 19.

Petitioner has failed to show not only that evidentiary issues exist but also has failed to show that he received ineffective assistance of counsel in regard to those alleged issues. As such,

the decision of the Missouri Court of Appeals is not contrary to or an unreasonable application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.      Ground Three**

In his third ground for relief, petitioner alleges that the factual basis for his plea was insufficient.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The sentencing judge must develop, on the record, the factual basis for the guilty plea. Santobello v. New York, 404 U.S. 257, 261 (1971). An adequate factual basis for a guilty plea is established when the record contains "sufficient evidence at the time of the plea upon which a court may reasonably determine that the defendant likely committed the offense." United States v. Cheney, 571 F.3d 764, 769 (8th Cir. 2009) (quoting United States v. Gamble, 327 F.3d 662, 664 (8th Cir. 2003)). This determination is satisfied if the transcript describes the acts to which the defendant pleaded guilty. United States v. Marks, 38 F.3d 1009, 1012 (8th Cir. 1994) (citing United States v. Villegas, 987 F.2d 1362, 1364 (8th Cir. 1993)).

The Missouri Court of Appeals rejected petitioner's claim:

> A factual basis for a plea is established where the information or indictment clearly charges the defendant with all the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt. [citation omitted]. [Petitioner]'s argument rehashes his second point, and it remains equally unconvincing here. As we explained earlier, [petitioner] admitted to all elements constituting first-degree arson, a class A felony.
> [Petitioner] next argues that failure to establish his intent to commit arson means that no basis existed to accept his guilty plea to felony murder and armed criminal action.

> We reject that argument as well. We have already determined that [petitioner] admitted committing first-degree arson, a felony. Section 565.021.1(2) provides that a person commits the felony offense of second-degree murder if he commits a felony and, in the perpetration thereof, another person is killed as a result. [Petitioner] admitted that a person died as a result of the fire he helped ignite. Section 571.015.1 provides in relevant part that one who commits any felony by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of armed criminal action. [Petitioner] admitted that he used gasoline to contribute to the fire, which resulted in the killing of a child. Gasoline obviously constitutes a dangerous instrument when thrown on/or around an apartment building so that another person can ignite it. The essential elements of felony murder and armed criminal action were established.
>
> [Petitioner]'s claims in his third point are refuted by the record, and so he was not entitled to an evidentiary hearing on these issues. Point denied.

Resp't Ex. D at 7-8.

The record conclusively refutes petitioner's claim that the court lacked a factual basis on which to accept his plea. At the plea hearing, the State provided the following factual basis:

> Your Honor, if this case proceeded to trial, I anticipate the state's evidence would prove beyond a reasonable doubt, as to Count 1, that on or about February 9th of 2005, at approximately 10:45 p.m., at 8990 Torchlamp, Apartment C, which is located in the City of Bel-Ridge, in St. Louis County, Missouri, that Ronald Payne, P-a-y-n-e, II was killed by being burned to death as a result of the perpetration of the Class A felony of arson in the first degree, committed by the defendant, acting together with Anthony Leroy Smith, on or about February 9th, 2005, in St. Louis County, Missouri.
>
> As to Count 2, the charge of armed criminal action, the state's evidence would prove that on the same date, at the same time and location, Mr. Flowers, also acting with Anthony Leroy Smith, committed the felony of murder in the second degree as charged in Count 1, all allegations of which are incorporated herein by reference, and that Mr. Flowers acting together with Anthony Leroy Smith, knowingly committed the foregoing felony of murder in the second degree by, with and through the use, assistance and aid of a dangerous instrument, to wit, gasoline in a bottle with a source of ignition.
>
> And finally, as to Count 3, the charge of arson in the first degree, the state's evidence would show that Steven Flowers, acting together with Anthony Leroy Smith, committed the Class A felony of arson in the first degree in that, again, on Wednesday, February 9th, 2005, at approximately 10:45 p.m., at 8990 Torchlamp, Apartment C, in St. Louis County, knowingly damaged an inhabitable structure consisting of an apartment located at 8990 Torchlamp, Apartment C, and Steven Flowers, acting together with Anthony Leroy Smith, did so by starting a fire at a time when persons were then present and thereby recklessly placed such persons in danger of death or serious physical injury, further, as a result of such fire by the two men acting together, a person died, Ronald Payne, III.

Id. at 23-25. The court then asked petitioner if the statements made by the prosecuting attorney were true. As discussed above, petitioner admitted that the facts were true, noting the clarification regarding the bottle of gas he threw. Id. at 30-31. Petitioner, therefore, admitted to the elements of first-degree arson.

The record reveals that the prosecutor clearly described the elements of the offenses, and that petitioner confirmed that they were substantially true and correct. Because there was a factual basis for the first-degree arson offense, there was also a factual basis for the second-degree felony murder offense, and the armed criminal action offense. As such, the decision of the Missouri Court of Appeals was not contrary to or an unreasonable application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

## III.    Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are

debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

### **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Steven T. Flowers for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this 23rd day of July, 2012.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE