UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN T. FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00777 ERW (LMB) |
| ) | |
| TROY STEELE,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Petition of Steven T. Flowers ("Petitioner") for a writ of habeas corpus under 28 U.S.C. § 2254 [ECF No. 1] and the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton pursuant to 28 U.S.C. § 636(b) [ECF No. 13]. Petitioner has filed Objections to the Report and Recommendation [ECF No. 16]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I.   BACKGROUND**[2]

Petitioner previously entered a blind plea of guilty to the following three charges: (1) class A felony murder in the second degree; (2) unclassified felony armed criminal action; and

---

[1] Petitioner, who is incarcerated at Potosi Correctional Center, named Don Roper as the respondent. Troy Steele, Warden of Potosi Correctional Center, is the proper respondent. Accordingly, the Court will substitute Troy Steele as the respondent in this matter. *See* Rule 2(a), Rules Governing Section 2254 in the United States District Courts.

[2] The Magistrate Judge's Report and Recommendation recites the facts and procedural history of this case; therefore, the Court will not repeat it here. The Court will, however, note those facts that are pertinent to the discussion.

(3) class A felony arson in the first degree. Petitioner was subsequently sentenced to a total of twenty-five years' imprisonment.

Petitioner raised three grounds for federal habeas corpus relief before Magistrate Judge Lewis M. Blanton: (1) that he received ineffective assistance of counsel in that plea counsel induced him to plead guilty by promising that the judge would sentence him to no more than fifteen years and by threatening certain conviction and life imprisonment if he went to trial; (2) that he received ineffective assistance of counsel in that plea counsel failed to advise him of evidentiary issues with the State's case; and (3) that the factual basis for his plea was insufficient. Magistrate Judge Blanton concluded that the all of Petitioner's grounds for relief should be denied on the merits. Petitioner objected to each of the Magistrate Judge's findings.

## II.     STANDARD OF REVIEW

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). An

unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III.   DISCUSSION

Petitioner's first two grounds for federal habeas relief are based on an ineffective assistance of counsel argument. In cases involving a guilty plea, an ineffective assistance of counsel claim requires a showing that counsel's conduct fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on proceeding to trial. *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001). Under federal law, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Moreover, conclusory allegations unsupported by specifics, and post-guilty plea contentions "that in the face of the record are wholly incredible[,]" should be summarily dismissed. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### A.   GROUND ONE

Petitioner first argues that his counsel was ineffective in that plea counsel induced him to plead guilty with the promise that the judge would sentence him to no more than fifteen years, and by threatening certain conviction, resulting in life imprisonment, should he proceed to trial. Petitioner further contends that his plea counsel informed him that the plea court would not

3

accept his guilty plea unless he answered "yes" or "positive" to the plea court's question, and that if he did not do so, Petitioner would then be forced to proceed to trial, where he would certainly lose and get life in prison on all his charges. Petitioner's claim that counsel made any promises or threats to him is not supported by the record; rather the record clearly indicates, contrary to Petitioner's current position, that Petitioner was informed of the nature and elements of the crimes with which he was charged. Moreover, as discussed in this Court's analysis of Defendant's third asserted ground for relief, the evidence included statements Defendant made to law enforcement officers that plainly established Defendant's guilt.

When questioned by the plea court, Petitioner told the court that no threats or promises had been made to force him to enter his plea of guilty. Further, the record indicates that the trial court itself confirmed that Petitioner understood the range of punishment for each charge and that the sentences for each charge could run either concurrently or consecutively, and confirmed that Petitioner understood he was entering a blind plea without any recommendation by the State as to the possible punishment.

The Missouri Court of Appeals, Eastern District, previously addressed this ineffective assistance of counsel claim, and determined that it was not meritorious. In making its determination, the appellate court carefully examined the record for any indication of ineffective assistance by Petitioner's counsel. In its examination, the court concluded that the record conclusively refuted the Petitioner's claims about promises and threats, noting that Petitioner twice stated in his amended motion that his counsel told him "most likely" he would receive a sentence of ten to no more than fifteen years, and finding that such a representation was not a guarantee of no more than fifteen years. A state court's factual findings regarding the plea are presumed to be correct where they are fairly supported by the record. *Bivens .v Groose*, 28 F.3d

4

62, 63 (8th Cir. 1994). The Court notes that Petitioner's present contention varies from that he presented to the state court, in that instead of alleging that his counsel told him he "most likely" would receive a sentence of no more than fifteen years, he claims his counsel "promised" him that he would receive no more than fifteen years. The Court finds that Petitioner's post-guilty plea conclusory allegations are unsupported by specific facts from the record. *See Blackledge*, 431 U.S. at 74.

In his Objections, Petitioner attempts to overcome the strong presumption of verity attached to the solemn declarations he made in open court, by alleging that he denied threats or promises had been made to force him to plead guilty because his counsel told him the court would not accept his plea unless he answered positively to its questions, and then would require him to proceed to trial, where he would certainly lose and face a life sentence. Before accepting a plea of guilty, Missouri courts must address defendants personally in open court, informing them not only of the nature of their charges, the range of punishment for the charges, and the rights they would waive by entering a plea, but also ensuring that the plea is voluntary, and not the result of force, threats, or promises apart from a plea agreement. *See* Mo. R.Crim.P. 24.02. If the court determines the plea is not knowing or voluntary, it must reject the plea. *Id.* Explaining, and determining that the defendant understands, the plea acceptance procedure required by Rule 24.02 constitutes advice within the range of competence demanded of counsel. *Bivens*, 28 F.3d at 63.

This Court cannot say that the Missouri Court of Appeals unreasonably applied any clearly established federal law. Petitioner's first ground for relief alleging ineffective assistance of counsel is properly denied.

**B.     GROUND TWO**

Next, Petitioner argues that his plea counsel was ineffective for failing to advise him of evidentiary issues with the State's case, specifically concerning the State's proof of arson and the requisite mental state for that crime, its proof of accomplice liability, and its proof of armed criminal action.[3]

In this case, the State set forth substantial evidence implicating Petitioner in the crimes with which he was charged, including, but not limited to Petitioner's statements to police that after he drove three men to a gas station where they filled juice bottles with gasoline, he then drove them to the apartment complex where the group approached an apartment with their gasoline-filled bottles; that he threw an unlighted bottle at the apartment; that one of his companions threw a second, lighted bottle, which ignited the gasoline spilled when Petitioner threw his bottle; and that the ensuing fire killed a child inside the apartment.  Although Petitioner contradicted his statement to police during the plea hearing and claimed that he threw his bottle of gasoline at the ground, plea counsel clarified that the bottle struck the base of the building as well as the ground, and Petitioner confirmed that this was correct.

The record of the evidence set forth by the State shows that Petitioner knowingly participated in planning and starting the fire, and, as more thoroughly discussed in the analysis of Petitioner's third ground asserted for relief, his conduct was more than sufficient to establish the essential elements of the crimes charged beyond a reasonable doubt.  Consequently, a competent

---

[3]Petitioner's third asserted basis for relief avers that the factual basis for his guilty plea to the charged offenses was insufficient, specifically arguing that the State did not establish Petitioner possessed the requisite mental state for arson, or accomplice liability.  Because it thoroughly analyzes this argument during its discussion of Petitioner's third ground, the Court will not address Petitioner's requisite mental state challenge in depth during its analysis of Ground Two.

6

attorney could reasonably believe and advise Petitioner that the State could prove the charged crimes if Petitioner were to proceed to trial. *See Gumangan*, 254 F.3d at 705. Petitioner has not only failed to show the existence of evidentiary issues, but also to demonstrate that he received ineffective assistance of counsel in regard to those issues.

The Missouri appellate court concluded that the facts set forth by the State demonstrated that Petitioner knowingly participated in planning and starting the fire that killed a child in the apartment building. It held that Petitioner's claims of ineffective assistance were refuted by the record and lacked merit. This Court cannot say that the Missouri Court of Appeals unreasonably applied any clearly established federal law. Petitioner's second ground for relief alleging ineffective assistance of counsel is properly denied.

### C. GROUND THREE

Petitioner also raises an objection to the Magistrate Judge's denial of his claim that the factual basis for his guilty plea to the charged offenses was insufficient. In particular, Petitioner argues that the State did not establish that he had the requisite mental state for arson or accomplice liability. Additionally, Petitioner argues that the evidence supports an argument for actual innocence.

It is a well-established rule of federal criminal procedure that there must be a factual basis sufficient to support a guilty plea. *See* Fed. R. Crim. P. 11(b)(3). This requirement, however, derives only from the Federal Rules of Criminal Procedure, and not from the Constitution. *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). A challenge to the sufficiency of the factual basis for a guilty plea becomes a Constitutional issue only when a guilty plea is accompanied by claims of innocence. *See id.* (citing *North Carolina v. Alford*, 400 U.S. 25, 38 n.10 (1970)). In instances where an accused inconsistently professes his innocence during the

7

course of a guilty plea, Eighth Circuit precedent firmly establishes that statements made in connection with entering a plea may provide a sufficient factual basis to support that guilty plea. *See Cummings v. United States*, 831 F.2d 779, 781 (8th Cir. 1987) ("admissions under oath at the guilty-plea hearing provided an ample factual basis for his [guilty] pleas"). Further, the Advisory Committee Notes to the Federal Rules of Criminal Procedure expressly recommend "inquiry of the defendant" as a means of establishing a factual basis sufficient to support a guilty plea. *See* Fed. R. Crim. P. 11 advisory committee's note.

Examination of the record reveals that Petitioner did not assert his innocence at the plea hearing. In fact, Petitioner stated that he was pleading guilty to the charges because he was guilty. Consequently, Petitioner fails to make a cognizable constitutional claim of actual innocence under 28 U.S.C. § 2254. *See Cummings*, 831 F.2d at 781.

Further, even if Petitioner's claim were cognizable, he would not be entitled to relief because his claim lacks merit. The determination of the Missouri Court of Appeals was not clearly unreasonable; rather, it was entirely consistent with the applicable law. The state appellate court carefully examined the statements made by Petitioner while entering his guilty plea, as well as the prosecuting attorney's statements as to what the State could prove beyond a reasonable doubt should the case proceed to trial. After determining that Petitioner admitted to committing first-degree arson, the appellate court rejected his claim that the State failed to establish his intent to commit arson. The court found sufficient factual basis for the second-degree murder charge, noting that Petitioner admitted that a person died as result of a fire he helped another ignite, and that he used gasoline to help contribute to fire. The appellate court further reasoned that gasoline constituted a dangerous instrument when thrown on or around an apartment building so that another person can ignite the gasoline, and concluded that the essential

8

elements of first-degree arson, second-degree murder, and armed criminal action were established.

This Court agrees that there was a sufficient factual basis for accepting Petitioner's guilty plea to all three charges.  Under Missouri law, a person commits the class A felony crime of arson in the first degree when he knowingly damages a building or inhabitable structure, with any person then present or in near proximity thereto, by starting a fire or causing a explosion and thereby recklessly places such person in danger of death or serious physical injury, and that person suffers serious physical injury or dies as a result of the fire or explosion set by the defendant.  *See* Mo. Rev. Stat. § 569.040.  Missouri law provides that a person commits the felony offense of second-degree murder if he commits a felony and, in the perpetration thereof, another person is killed as a result.  *See* Mo. Rev. Stat. § 565.021.1(2).  The Missouri statute describing the elements of armed criminal action provides that one who commits any felony by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of armed criminal action.  *See* Mo. Rev. Stat. § 571.015.1.

At the plea hearing, the State described the acts to which Petitioner pleaded guilty, including that Petitioner drove three other individuals to a gas station to obtain gas to fill juice bottles, then drove with the three men to an apartment complex where all four approached an apartment with gasoline-filled bottles.  The State further stated that the evidence would show that the other three men set their bottles on the ground, and that Petitioner first threw his bottle, which spread gas across the front of the apartment.  Thereafter, one of the other men threw an ignited bomb, which caused the both un-ignited gas and the gas in the ignited bomb to ignite, causing the fire that resulted in the death of a fourteen-month-old-child present inside the apartment.  Petitioner's claim that the State would not have been able to prove the requisite mental state for

9

his charged crimes lacks merit.  Petitioner not only facilitated the commission of arson by transporting himself and three others to obtain gasoline-filled bottles, he also drove himself and the other men to the apartment where they started the fire, with his active involvement.  Further, the evidence shows that, after Petitioner participated in the arson, he attempted to conceal his involvement by providing multiple false statements to law enforcement personnel.

Petitioner has not set forth any evidence that refutes the findings of fact relied on by the state appellate court in reaching its conclusion that a factual basis for his plea to all three charges was established.  *See* 28 U.S.C. § 2254(e)(1) (in habeas corpus proceeding, a determination of factual issue made by State court shall be presumed to be correct; applicant has burden of rebutting presumption by clear and convincing evidence).  Thus, this Court rejects the argument set forth by Petitioner in his Objections.

In sum, because Petitioner did not assert his innocence while entering his guilty plea to the charged offenses, his objection that his plea lacked a factual basis is not cognizable under federal law.  *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982).  Accordingly, Petitioner's third ground for relief will be denied.  Moreover, even if Petitioner had asserted his innocence, his claim for relief would still be denied because the Missouri Court of Appeals' determination that there was a sufficient factual basis to support the conviction did not contravene, or unreasonably apply, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1).

## IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'"  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).  Petitioner has made no such showing.  Furthermore, the Court does not believe that

reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A).  *Slack*, 529 U.S. at 483-84. Therefore, the Court will not issue a certificate of appealability as to any claim raised in the Petition.

## V.   CONCLUSION

The Court has reviewed those portions of Magistrate Judge Blanton's Report and Recommendation to which Petitioner filed objections, and concludes that his objections are without merit.  The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Steven T. Flowers' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued.

Dated this   30th   day of August, 2012.

                                                           */s/ E. Richard Webber*
                                                E. RICHARD WEBBER
                                                SENIOR UNITED STATES DISTRICT JUDGE